UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
CHETNA HARISH SHAH,                           :
                                               :
               Plaintiff,                     :
                                               :             08 Civ. 7371 (GEL)
     -v.-                                     :
                                               :             **OPINION AND ORDER**
KUWAIT AIRWAYS CORPORATION,                   :
                                               :
               Defendant.                     :
                                               :
------------------------------------------------------------x

Chetna Harish Shah, Bronx, NY, pro se.

Michael J. Holland, Condon & Forsyth, New York, NY, for defendant.

GERARD E. LYNCH, District Judge:

      Plaintiff Chetna Harish Shah commenced this pro se action against Kuwait Airways Corporation ("KAC") to recover for the alleged theft of items from her luggage as she traveled from Ahmedabad, India, to New York. KAC now moves for partial summary judgment limiting its liability to $460, the maximum recoverable under the international treaty commonly known as the Warsaw Convention. Shah raises two principal objections to KAC's motion. First, she argues that her luggage should not be subject to the Convention's liability limits for checked baggage since she intended to carry it on the plane. Second, she argues that the theft of items from her bag was not the isolated act of individual employees, but rather that it is KAC's general practice to steal valuables from passengers. For these reasons, Shah asserts, KAC should not be allowed to avail itself of the liability limitations of the Convention.

For the reasons set forth below, KAC's motion for partial summary judgment is granted. KAC has failed, however, to provide evidence sufficient to obviate factual questions as to whether the liability limits of the Warsaw Convention, or the higher limits of the subsequent international treaty commonly known as the Montreal Convention, apply to this case.

## BACKGROUND

The following facts are either undisputed or construed in the light most favorable to the plaintiff.[1]

Plaintiff, Chetna Harish Shah, is a resident of the Bronx. (Def. Ex. B.) On March 21, 2008, Shah flew from Ahmedabad, India, to New York's John F. Kennedy International Airport aboard Kuwait Airways. (Def.'s R. 56.1 Statement ¶ 1.) Her itinerary involved changing planes in Kuwait City. (Id.) Shah traveled with three pieces of luggage, two of which she checked through from Ahmedabad to New York. (Pl.'s Aff. ¶ 2.) She carried the third piece with her. (Id.) When Shah arrived in Kuwait, she passed through a security checkpoint. (Id. ¶ 5.) Shah alleges that at this checkpoint a KAC employee saw that her carry-on bag contained valuable jewelry. (Id. ¶¶ 5, 7.) Shah infers from certain observations that this KAC employee then

---

[1] Plaintiff has failed to submit a Local Rule 56.1 Statement. Therefore, defendant's Rule 56.1 Statement would ordinarily be "deemed admitted for purposes of the motion." See Local Civ. R. 56.1(c) ("Each numbered paragraph in the statement of material facts required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."); Millus v. D'Angelo, 224 F.3d 137, 138 (2d Cir. 2000) (per curiam). Nevertheless, Shah, a pro se litigant, may have failed to understand the requirements of Local Rule 56.1. Therefore, since Shah has submitted a declaration (Declaration of Chetna Harish Shah) ("Pl.'s Aff."), the Court will consider the totality of the parties' submissions in identifying disputed material facts and will construe those disputed facts in plaintiff's favor as is appropriate on summary judgment. See Merritt v. Shuttle, Inc., 245 F.3d 182, 186 (2d Cir. 2001).

conspired with a KAC flight attendant to steal the contents of the bag. (Id. ¶ 7.) As Shah was about to board her second plane from Kuwait to New York, the flight attendant took the bag from her over her objection and checked it. (Id. ¶¶ 5, 7.) The airline provided her with baggage checks. (Decl. of John Varughese, Def.'s Ex. A.)

When Shah arrived in New York, she discovered that her bag had been ripped and that her valuables were missing. (Pl.'s Aff. ¶ 7.) Shah complained to the airline and promptly filed a damage report. (Decl. of John Varughese, Def.'s Ex. A.) She subsequently sent multiple letters to KAC demanding compensation for her loss. (Def.'s Exs. C, E.) When KAC refused to compensate her in an amount she found adequate, she filed this suit in the Civil Court of Bronx County, claiming $25,000 in damages.

KAC removed the action to this Court and filed an answer. The case was then referred to the Honorable James C. Francis IV, United States Magistrate Judge, for general pretrial management. Following a pretrial conference with the parties on November 17, 2008, Judge Francis ordered a period of discovery, to be completed by January 30, 2009. On February 27, 2009, KAC filed a motion for partial summary judgment, arguing that Shah's claim for damages exceeded the liability limits of the Warsaw Convention, and, accordingly, that her claim should be dismissed to the extent that it exceeded $460.

## DISCUSSION

### I. Summary Judgment Standard

Summary judgment is appropriate where the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the

nonmoving party." Roe v. City of Waterbury, 542 F.3d 31, 35 (2d Cir. 2008). An issue is material if it "might affect the outcome of the suit under the governing law." Id.

The moving party bears the burden of showing that he or she is entitled to summary judgment. Huminski v. Corsones, 386 F.3d 116, 132 (2d Cir. 2004.) "When the burden of proof at trial would fall on the nonmoving party, it is ordinarily sufficient for the movant to point to a lack of evidence to go to the trier of fact on an essential element of the nonmovant's claim." Jaramillo v. Weyerhauser Co., 536 F.3d 140, 145 (2d Cir. 2008). The burden then shifts to the nonmovant to put forth admissible evidence sufficient to create a genuine issue of material fact for trial. Id. A court must draw all "justifiable inferences" in the nonmovant's favor, and construe all of the facts in the light most favorable to the nonmovant. Anderson v. Liberty Lobby, 477 U.S. 242, 255 (1986). In the case of Shah, who is pro se, the Court is further obliged to "read [her] supporting papers liberally, and ... [to] interpret them to raise the strongest arguments that they suggest." Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Even a pro se party, however, "may not rely simply on conclusory allegations or speculation to avoid summary judgment, but instead must offer evidence to show that its version of the events is not wholly fanciful." Auguste v. New York Presbyterian Medical Center, 593 F. Supp. 2d 659, 663 (S.D.N.Y. 2009), quoting Morris v. Lindau, 196 F.3d 102, 109 (2d Cir. 1999).

**II.     The Warsaw and the Montreal Conventions**

KAC raises the affirmative defense that its liability for the loss of Shah's luggage is limited by the Warsaw Convention, a multilateral treaty governing international air travel. See Distribuidora Dimsa v. Linea Aerea Del Cobre S.A., 976 F.2d 90, 93 (2d Cir. 1992) (referring to the liability limitations in the Warsaw Convention as an affirmative defense); see also Narkiewicz-Laine v. Scandinavian Airlines Systems, 587 F. Supp. 2d 888, 890 (N.D. Ill. 2008)

(characterizing the liability limits of the Montreal Convention as an affirmative defense). It is not clear, however, whether Shah's journey from India to the United States is governed by the Warsaw Convention or by the more recently ratified Montreal Convention.

Formally titled the Convention for the Unification of Certain Rules Relating to International Transportation by Air, the Warsaw Convention was signed in 1929 and ratified by the United States in 1934. See 49 Stat. 3000, T.S. No. 876 (1934), reprinted in note following 49 U.S.C. § 40105. To support the then-fledgling air industry, Article 22 of the Convention limited the liability of carriers for loss of or damage to a passenger's baggage to $20 per kilogram, unless the passenger makes a special declaration and pays a supplementary sum, if required, at the time the bag is checked. Warsaw Convention, Art. 22.2; Chubb & Son, Inc. v. Asiana Airlines, 214 F.3d 301, 306 (2d Cir. 2000). In exchange for this limitation, the Convention creates a presumption of airline liability, subject only to certain specified exceptions. Chubb & Son, 214 F.3d at 306. The Convention applies to air travel between signatory countries or within the territory of a signatory country, even if there is an agreed stopping place in another country that is not a party to the Convention. Warsaw Convention, Art. 1.2. The United States and India have both ratified the Warsaw Convention.[2]

On July 31, 2003, however, the United States also ratified the Montreal Convention, formally titled the Convention for the Unification of Certain Rules for International Carriage by Air, May 28, 1999, S. Treaty Doc. No. 106-45, reprinted in 1999 WL 33292734 (2000). The Montreal Convention is not an amendment to the Warsaw Convention. Rather, the Montreal

---

[2] A list of signatories to the Warsaw Convention, as well as the dates at which the convention entered into force, is available at International Civil Aviation Organization, Treaty Collection, at http://www.icao.int/icao/en/leb/wc-hp.pdf (last visited Sept. 9, 2009).

Convention is a separate treaty that, where it is applicable, displaces the system of liability derived from the Warsaw Convention.  See Schopenhauer v. Compagnie Nationale Air France, 255 F. Supp. 2d 81, 87 (E.D.N.Y. 2003).  Whereas the drafters of the Warsaw Convention were concerned primarily with limiting the liability of airlines in order to foster the growth of the industry, the Montreal Convention balances this concern against the "importance of ensuring protection of the interests of consumers in international carriage by air and the need for equitable compensation based on the principle of restitution."  Montreal Convention, pmbl.

To this end, while maintaining limited and predictable damage amounts for airlines in the case of lost luggage, the Montreal Convention provides significantly higher liability limits.  In place of the $20 per kilogram compensation limit of the Warsaw Convention, the Montreal Convention limits airlines' liability to 1000 "Special Drawing Rights" ("SDRs") – $1575 at the current exchange rates – unless the passenger declares a higher value at the time she checks the bag.[3]  Montreal Convention, Art. 22.2.  Furthermore, the Montreal Convention establishes a fixed liability limit for all bags, regardless of their weight, in order to "expedite passenger check-in by avoiding the need to weigh baggage at that time."  Id.  Like the Warsaw Convention, the Montreal Convention applies to air travel between signatory countries or within a signatory country, even if there is an agreed stopping place in another country that is not a party to the Convention.  Id. at Art. 1.2.  On the day that Shah traveled to New York, March 28, 2008, the United States was a party to the Montreal Convention, while India had not yet ratified that

---

[3] An SDR is an artificial currency, the exchange rate for which is published daily by the International Monetary Fund.  The value of an SDR fluctuates based on the global currency market, and, under the Montreal Treaty, Art. 23, is determined "at the date of the judgment."

treaty.[4]

For travel on one-way tickets, determining whether either Convention applies is straightforward.[5]  For round-trip travel, however, the place of departure and of destination are considered the same, and any stopovers, no matter how long, are disregarded.  See In re Alleged Food Poisoning Incident, March, 1984, 770 F.2d 3, 4-5 (2d Cir. 1985).  What determines whether a trip is one-way or round-trip is the character of the ticket on which the passenger travels.  See Klos v. Lotnicze, 133 F.3d 164, 167-8 (2d Cir. 1997).  Thus, if Shah's trip from Ahmedabad to New York was conducted on a one-way ticket, the Warsaw Convention would govern the airline's liability for any loss from or damage to her baggage.  If Shah was traveling on a round-trip ticket, however, the country both of her departure and of her destination would be the United States, and the airline's liability would be subject to the higher liability limits of the subsequent Montreal Convention.

The record does not conclusively establish the nature of ticket on which Shah traveled.  In the memorandum of law accompanying its motion for summary judgement, KAC asserts that Shah flew from India to the United States on a one-way ticket, and offers as evidence for this proposition the "Damaged Baggage Report" completed by Shah upon her arrival in New York.  (Def.'s Ex. A.)  That document, however, makes no explicit mention of the character of Shah's

---

[4] A list of signatories to the Montreal Convention, as well as the dates at which the convention entered into force, is available at International Civil Aviation Organization, Treaty Collection, at http://www.icao.int/icao/en/leb/mtl99.pdf (last visited Sept. 9, 2009).

[5] Montreal Convention, Art. 1.2 and Warsaw Convention, Art. 1.2, which govern when the conventions apply to particular journeys, are substantively identical and the Court treats case law governing the issue interchangeably.  See Best v. BWIA West Indies Airways Ltd., 581 F. Supp. 2d 359, 362 n. 1 (E.D.N.Y. 2008) ("[T]he case law regarding a particular provision of the Warsaw treaty applies with equal force regarding its counterpart in the Montreal treaty.")  See also Sobol v. Continental Airlines, 2006 WL 2742051, at *2 n.2 (S.D.N.Y. Sept. 26, 2006).

ticket. Shah does not address the issue, averring in her affidavit only that she was a passenger aboard a flight on Kuwait Airways. (Pl.'s Aff. ¶ 1.) Since Shah is a resident of the Bronx, it is at least plausible that she traveled to India and back on a round-trip ticket.

Whatever the specifics of her travel arrangements, it is clear that – unless an exception applies, an issue discussed below – KAC's liability for losses incurred by Shah is limited by one or the other Convention. Both international treaties strictly limit liability for lost or damaged baggage on commercial international flights. Both India and the United States are signatories to the Warsaw Convention, so that treaty's limits would apply to travel originating in India and terminating in the United States; since the United States has ratified the Montreal Convention, that treaty's rules would govern round-trip travel leaving from and returning to the United States.[6]

Since the liability limits of the Montreal and Warsaw conventions are affirmative defenses, it is the defendant, KAC, which bears the burden of proof as to the character of Shah's ticket. Where the party moving for summary judgment bears the burden, its submissions in support of the motion must be sufficient to entitle it to judgment as a matter of law. Albee Tomato, Inc. v. A.B. Shalom Produce Corp. 155 F.3d 612, 618 (2d Cir. 1998). While KAC has provided submissions adequate to demonstrate that the liability limits of either the Montreal or the Warsaw Convention are applicable, it has not met its burden to establish that the lower limits of the Warsaw Convention apply. For this reason, the Court may only grant summary judgment

---

[6] Neither party has claimed or provided evidence to suggest that Shah's journey originated anywhere other than in the United States or India. The fact that Shah changed planes in Kuwait City does not affect the issue of which Convention applies. See In re Alleged Food Poisoning Incident, March, 1984, 77 F.2d 3, 4-5 (2d Cir. 1985) ("We hold that when the parties have contemplated a single operation of undivided transportation, only one 'destination' exists.").

limiting damages to the higher liability limit of the two treaties, 1000 SDRs.

## III. Exceptions to the Liability Limits of the Conventions

Shah makes two arguments that the liability limitations of the Montreal or Warsaw conventions should not apply in her case.  First, she argues that her bag was not truly checked, because she intended to carry it on the plane.  Second, she argues that KAC has a policy of stealing valuable belongings of its passengers, knowing that it will have to reimburse them only to the extent of the limited amounts provided for under the international air treaties.

Shaw's first argument is unpersuasive.  Under the Montreal Convention, the 1,000 SDR liability limitation applies both to checked and unchecked baggage.  Montreal Convention, Art. 22.2.  The Warsaw Convention, however, divides baggage into two categories: baggage accepted by the carrier, Art. 4, and "objects of which the passenger takes charge himself." Art. 22.3.  Whether a given item is checked or carry-on baggage is determined by whether the airline accepts the bag for the purpose of transportation.  Baker v. Lansdell Protective Agency, Inc., 590 F. Supp. 165, 168 (S.D.N.Y. 1984).  The subjective intent of the passenger is not material.  See Schopenhauer v. Compagnie Nationale Air France, 255 F. Supp. 2d 81 (E.D.N.Y. 2003).  The Convention's liability limits do not apply to baggage accepted by the airline if a baggage check is not issued.  Warsaw Convention, Art. 4.2; see Baker, 590 F. Supp. at 168.  KAC submits a copy of the baggage check given to Shah at the time it took the damaged bag from her (Def.'s Ex. B), and there is no evidence that the proper procedure for checking bags was not followed.  Compare Gill v. Lufthansa German Airlines, 620 F. Supp. 1453, 1455 (E.D.N.Y. 1985) (denying enforcement of the Warsaw Convention's liability limitation where defendant airline failed to comply with checked baggage regulations).  For this reason, Shah's argument that her bag should not be considered checked is without merit.

Shah's second contention, that KAC has a business practice of stealing its passengers' belongings, raises a more colorable argument, but is supported by insufficient evidence to create a genuine issue of fact.  Both Article 22.5 of the Montreal Convention and Article 25 of the Warsaw Conventions void all liability limitations for lost or stolen baggage in the event that a plaintiff can prove, in the words of the Montreal Convention, "that the damage resulted from an act or omission of the carrier, its servants or agents, done with intent to cause damage or recklessly and with knowledge that damage would probably result[.]"  Montreal Convention, Article 22.5.  Courts have viewed these provisions of the Montreal and Warsaw conventions as substantively identical, and have interpreted the voluminous case law on the misconduct exception to the Warsaw Convention as applying with equal force to the analogous provision in the Montreal Convention.  Hutchinson v. British Airways PLC, 2009 WL 959542, at *3 (E.D.N.Y Apr. 6, 2009), citing Booker v. BWIA West Indies Airways Ltd., 2007 WL 1351927, at *5 (E.D.N.Y. May 8, 2007).

Though the plain language of the Convention might suggest otherwise, it is well settled that theft by individual employees does not void the Warsaw Convention's limits on carrier liability.  See Brink's Ltd. v. South African Airways, 1995 WL 225602, at *2 (S.D.N.Y. Apr. 17, 1995) (collecting cases), rev'd on other grounds, 93 F.3d 1022 (2d Cir. 1996).  The Court assumes, however, that an airline policy of deliberately stealing from its passengers would represent willful misconduct under both the Montreal and Warsaw Conventions that would void the Conventions' liability limits.

Shah has not, however, provided sufficient evidence of such a policy to defeat KAC's motion for summary judgment.  In moving for summary judgment, KAC served Shah with a "Notice Pursuant to Local Rule 56.2," advising her that her claims might be dismissed if she did

not respond to the motion by filing either sworn affidavits based on personal knowledge or other admissible evidence. In response, Shah submits only an unsworn declaration supporting her allegations. (See Pl.'s Aff. ¶ 13.) While this defect alone would permit the Court to disregard Shah's allegations entirely, in light of Shah's pro se status and the Court's obligation to construe her documents liberally, see Fleming v. United States, 146 F.3d 88, 90 (2d Cir. 1998), the Court will consider her declaration, even though it is unsworn, on the assumption that, if its allegations were sufficient to raise an issue of fact, Shah would be given an opportunity to submit an affidavit in the proper form attesting to those allegations.

     Shah's unsworn declaration, however, contains no evidence to support her claim concerning KAC's practices. Shah does not claim any experience with KAC other than as a passenger on a single voyage, nor does she provide any other fact suggesting personal knowledge of KAC's general practices. Despite having been given a period of several months to conduct discovery, Shah either made no effort to use the means provided by the Federal Rules of Civil Procedure to investigate those practices, or uncovered nothing supporting her claims. Assuming arguendo that Shah's observations of the behavior of certain KAC personnel with respect to her bag are sufficient to permit an inference that two or more KAC employees conspired to steal her valuables, such a conspiracy among individual employees is insufficient as a matter of law to defeat applicability of the Conventions, and would not support an inference of a corporate theft policy on the part of KAC itself.

     Even in the case of pro se litigants, affidavits that contain allegations not based on personal knowledge are not sufficient to defeat a motion for summary judgment. Muhammad v. Bonner, 2008 WL 926574, at *5 (E.D.N.Y. Mar. 31, 2008), citing Danzer v. Norden Systems, Inc., 151 F.3d 50, 57 n. 5 (2d Cir. 1998). Accordingly, Shah has not put forth admissible

evidence sufficient to create a genuine issue of material fact for trial.

## CONCLUSION

For the reasons set forth above, defendant's motion for partial summary judgment is granted, limiting the amount of damages available to plaintiff to 1,000 SDRs, or $1575.  KAC is directed to advise the Court in writing on or before September 23, 2009, if it intends to contest liability or to try the factual issues affecting applicability of the Warsaw Convention rather than the Montreal Convention.  Absent such notice to the Court, the Clerk of the Court will enter judgment in the amount of $1575 and close the case.

SO ORDERED.

Dated: New York, New York
       September 9, 2009

_____
GERARD E. LYNCH
United States District Judge
