UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
CHETNA HARISH SHAH,                  :    08 Civ. 7371 (LAP)(JCF)
                                     :
            Plaintiff,               :      REPORT AND
                                     :    RECOMMENDATION
    - against -                      :
                                     :
KUWAIT AIRWAYS CORPORATION,          :
                                     :
            Defendant.               :
- - - - - - - - - - - - - - - - - - -:
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

        Chetna Harish Shah brings this action pro se against Kuwait

Airways Corporation ("KAC"), seeking damages of $25,000 for alleged

theft of her baggage by KAC's employees while she was a passenger

on a KAC flight from Kuwait to New York.   The district court

previously granted KAC's motion for partial summary judgment,

finding that its liability was limited by an international treaty

known as the Convention for the Unification of Certain Rules for

International Carriage by Air (the "Montreal Convention").[1]   The

_____

        [1] KAC originally argued that damages were limited under the
Warsaw Convention, formally titled the Unification of Certain Rules
Relating to International Transportation by Air.   The two treaties
are substantively similar to the extent that they limit an
airline's liability for employee theft occurring outside the scope
of employment, Shah v. Kuwait Airways Corp., 387 F. App'x 13 (2d
Cir. 2010), but the Montreal Convention has a substantially higher
cap on liability.   Which treaty applies is dependent upon whether
the plaintiff was traveling on a one-way ticket (in which case the
Warsaw Convention would apply) or a round-trip ticket (which would
make the Montreal Convention applicable).   Because the liability
limit of either convention is an affirmative defense, the district

1

Court of Appeals for the Second Circuit vacated the judgment and remanded for further proceedings, directing the district court to determine (1) whether New York and Kuwaiti law conflict on the question of whether the alleged theft by KAC's employees was within the scope of employment for the purposes of the Convention, and (2) if a conflict of law exists, which jurisdiction's law applies in this case.  Shah, 387 F. App'x at 16.

For the reasons discussed below, I find that New York law is applicable and recommend that partial summary judgment be granted in favor of KAL.[2]

_____

court noted, KAC bore the burden of proving the one-way character of Ms. Shah's ticket to demonstrate that the Warsaw Convention's lower liability limit should apply. Since KAC failed to meet this burden, the district court applied the higher limitation of the Montreal Convention. Shah v. Kuwait Airways Corp., 653 F. Supp. 2d 499, 505 (S.D.N.Y. 2009).  At this stage in the litigation, "KAC does not dispute the application of the Montreal Convention." (Reply Memorandum of Law in Support of Defendant KAC's Motion for Summary Judgment Limiting its Liability Pursuant to Article 22(2) of the Montreal Convention ("Def. Reply Memo.") at 1 n.1).

    [2] I note that the plaintiff has filed a notice of appeal from my July 26, 2011 order denying her motion that I recuse myself from this case.  Recusal decisions are interlocutory orders from which there is no immediate appeal unless the court has certified the issue.  See United States v. Hinton, 420 F. App'x 270, 270 (4th Cir. 2011); Fields v. Walgreens Co., 410 F. App'x 168, 171 (10th Cir. 2011); Rodriquez v. Trustees of Columbia University in the City of New York, No. 03 Civ. 4072, 2006 WL 2521323, at *2 (S.D.N.Y. Aug. 30, 2006).  In this case, Ms. Shah never sought certification.  Indeed, even if certification had been sought and granted, it would not stay the proceedings in the district court absent an order to that effect.  28 U.S.C. § 1292(b).

Background

The following facts are derived from the district court's opinion and the subsequent submissions of the parties, and they are either undisputed or construed in the light most favorable to the plaintiff.[3]

Ms. Shah, a resident of the Bronx, New York, flew from Ahmedabad, India, to John F. Kennedy International Airport in New York aboard Kuwait Airways. (KAC's Statement Pursuant to Local Civil Rule 56.1 ("Def. 56.1 Statement"), ¶¶ 1, 3; Pl. Answer at 2). During a stopover in Kuwait City that involved changing planes, Ms. Shah was required by KAC employees to check a piece of luggage which she had carried with her on the flight from India to Kuwait. (Def. 56.1 Statement, ¶ 2; Pl. Answer at 2-3).[4] She did not,

---

[3] Although Ms. Shah has not responded to KAC's Rule 56.1 Statement of Material Facts with her own statement containing correspondingly numbered paragraphs responding to each of the movant's assertions as required by Local Civil Rule 56.1(b), I note that Ms. Shah, a pro se plaintiff, has recited facts in her Answer to the Motion for Summary Judgment ("Pl. Answer"). Accordingly, I will "consider the totality of the parties' submissions in identifying disputed material facts and will construe those disputed facts in [the] plaintiff's favor as is appropriate on summary judgment." Shah, 653 F. Supp. 2d at 507 n.1 (citing Merrit v. Shuttle, Inc., 245 F.3d 182, 186 (2d Cir. 2001)).

[4] The exact point at which Ms. Shah's carry-on luggage was taken from her is apparently in dispute. While KAC states that the bag was "taken from her at the security screening point in Kuwait" (Def. 56.1 Statement, ¶ 2), the plaintiff states that she was required to relinquish possession of the bag as she was "about to board" the plane, after she had passed through the security checkpoint and her bag had been "electronically screened." (Pl.

however, make a "special declaration of interest" or "pay a supplementary sum."[5]  (Def. 56.1 Statement, ¶ 4).

When Ms. Shah recovered the bag upon arriving in New York, she discovered that it was ripped open and its contents were missing. (Def. 56.1 Statement, ¶ 3; Pl. Answer at 3).  Ms. Shah timely filed a damage report with KAC and, after extended correspondence with the airline over the amount it owed her, brought this action in Bronx County Civil Court.  Shah, 653 F.Supp. 2d at 502.  KAC removed the case to the Southern District of New York, and the court granted KAC's motion for partial summary judgment and limited Ms. Shah's damages to 1,000 Special Drawing Rights ("SDRs")[6] under

_____

Answer at 3).  Ms. Shah assumes that the KAC employee who screened her bag "must have seen [her] valuables" and notified the flight attendant who required her to check the bag. (Pl. Answer at 3). The plaintiff alleges that these two employees thus conspired to steal the bag's contents. (Pl. Answer at 3).

[5] Ms. Shah does not appear to contest this fact, except to explain that she should not have been required to pay an additional sum because KAC's policy allowed her two checked items and one carry-on item.  (Pl. Answer at 4).

[6] "An SDR is an artificial currency, the exchange rate for which is published daily by the International Monetary Fund.  The value of an SDR fluctuates based on the global currency market, and, under the Montreal [Convention], Art. 23, is determined 'at the date of the judgment.'" Shah, 653 F.Supp. 2d at 503 n.3.  On the date of the district court's judgment, "1,000 [SDRs] were worth '$1,575 at [then] current exchange rates." Shah, 387 F. App'x 13 (quoting Shah, 653 F. Supp. 2d at 503).

4

Article 22.2 of the Montreal Convention.[7]  <u>Id.</u> at 502, 506-07.  The
court held that the exception to Article 22.2 -- Article 22.5 --
did not apply.  <u>Id.</u> at 506; <u>Shah</u>, 387 Fed. App'x at 15.  Article
22.5 negates the liability limiting provision where damage by an
employee is "done with intent to cause damage or recklessly and
with knowledge that damage would probably result; provided that
. . . it is also proved that such [employee] was acting within the
scope of its employment."  Montreal Convention Art. 22.5.  The
district court, relying on <u>Brink's Ltd. v. South African Airways</u>,
No. 94 Civ. 1902, 1995 WL 225602, at *2, at *4-*6 (S.D.N.Y. April
17, 1995) ("Brink's I"), <u>rev'd</u>, 93 F.3d 1022 (2d Cir. 1996)
("Brink's II"), found the Art. 22.5 exception to be inapplicable
because New York law considers employee theft to be outside the
scope of employment.  <u>Shah</u>, 387 F. App'x at 15.

On appeal, however, the Second Circuit noted that <u>Brink's I</u>
was reversed in part because of the district court's failure in
that case to apply the forum jurisdiction's choice of law rules,
"which would have dictated that 'South African law . . .' should
have been used to determine whether theft by an air carrier's

---

[7]  Article 22.2 of the Montreal Convention limits "the
liability of the carrier in the case of destruction, loss, damage
or delay [of baggage] to 1,000 [SDRs] . . . unless the passenger
has made . . . a special delaration of interest in delivery at
destination and has paid a supplementary sum if the case so
requires." Montreal Convention Art. 22.2.

employees would qualify as misconduct that could be imputed to the air carrier under the Convention." Id. (quoting Brink's II, 93 F.3d at 1030, 1032). Since the district court did not, at least explicitly, conduct a choice of law analysis in the present case, the Second Circuit vacated the judgment and remanded for the district court for a determination "in the first instance whether applicable principles of New York and Kuwaiti law conflict, and, if so, which jurisdiction's law applies to the question of whether the alleged theft in this case fell within the scope of employment for purposes of the Montreal Convention." Id.

Discussion

    A. Summary Judgment Standard

    Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate where the movant shows that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Doninger v. Niehoff, 642 F.3d 334, 344 (2d Cir. 2011). A dispute regarding a material fact is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); accord SCR Joint Venture L.P. v. Warshawsky, 559 F.3d 133, 137 (2d Cir. 2009), and a material fact is one that "'might affect the outcome of the suit under the governing law,'" Roe v. City of

6

<u>Waterbury</u>, 542 F.3d 31, 35 (2d Cir. 2008) (quoting <u>Anderson</u>, 477 U.S. at 248).  "In deciding whether a genuine dispute exists, a court must 'construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant.'"  <u>Seeman v. Local 32B-32J, Service Employees Union</u>, 769 F. Supp. 2d 615, 620 (S.D.N.Y. 2011) (quoting <u>Dallas Aerospace, Inc. v. CIS Air Corp.</u>, 352 F.3d 775, 780 (2d Cir. 2003)).

The moving party bears the initial burden of identifying those portions of the record that demonstrate "the absence of a genuine issue of material fact," <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986), following which the opposing party must come forward with specific facts showing a genuine issue for trial.  The parties can support their claims with discovery materials, stipulations, affidavits, or other evidence, <u>see</u> Fed. R. Civ. P. 56(c)(1)(A); however, "'only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment,'" <u>Presbyterian Church of Sudan v. Talisman Energy, Inc.</u>, 582 F.3d 244, 264 (2d Cir. 2009) (quoting <u>Raskin v. Wyatt Co.</u>, 125 F.3d 55, 66 (2d Cir. 1997)).  Thus, the parties cannot rely on "'conclusory allegations or unsubstantiated speculation'" to support or defeat a motion for summary judgment.  <u>Jeffreys v. City of New York</u>, 426 F.3d 549, 554 (2d Cir. 2005) (quoting <u>Fujitsu Ltd. v. Federal Express Corp.</u>, 247

F.3d 423, 428 (2d Cir. 2001)).

Where a litigant is pro se, her pleadings should be read liberally and interpreted "'to raise the strongest arguments that they suggest.'"  Fulton v. Goord, 591 F.3d 37, 43 (2d Cir. 2009) (quoting Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001)). Nevertheless, proceeding pro se does not relieve a litigant from the usual requirements of summary judgment, and a pro se party's "bald assertion, completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." Geldzahler v. New York Medical College, 746 F. Supp. 2d 618, 620 n.1 (S.D.N.Y. 2010) (quoting Lee v. Coughlin, 902 F. Supp. 424, 429 (S.D.N.Y. 1995)).  But even where, as here, the plaintiff has received notice pursuant to Local Rule 56.2 regarding the requirements for opposing a summary judgment motion, the court may conduct "'an assiduous review of the record' to determine if there is any evidentiary support for her assertions of fact that do not cite to evidence and to determine if there are any other material issues of fact." Id. (quoting Lee, 902 F. Supp. at 429).

B. Determining Kuwaiti Law

"[T]he first step in any case presenting a potential choice of law issue is to determine whether there is an actual conflict between the laws of the jurisdictions involved." Licci ex rel. Licci v. Lebanese Canadian Bank, 672 F.3d 155, 157 (2d Cir. 2012)

(quoting <u>Wall v. CSX Transportation, Inc.</u>, 471 F.3d 410, 415 (2d Cir. 2006)).  In the event that there is no actual conflict of law, "and if New York is among the relevant jurisdictions, the court may simply apply New York law."  <u>Id.</u>  According to Rule 44.1 of the Federal Rules of Civil Procedure, district courts "may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence."  Indeed, the Second Circuit has "urge[d] district courts to invoke the flexible provisions of Rule 44.1 to determine issues relating to the law of foreign nations," <u>Curley v. AMR Corp.</u>, 153 F.3d 5, 13 (2d Cir. 1998).[8]

The burden of identifying a conflict of law is on the party asserting the application of foreign law.   <u>See, e.g.</u>, <u>In Re Vivendi Universal, S.A. Securities Litigation</u>, 618 F. Supp. 2d 335, 340 (S.D.N.Y. 2009) (noting that a court "is under no obligation" to look beyond the submissions of the parties "if the party whose burden it is fails to produce sufficient evidence that foreign law

---

[8] Rule 44.1 further provides that "[t]he court's determination must be treated as a ruling on a question of law."  This has been interpreted to mean that "[a]ppellate courts, as well as trial courts, may find and apply foreign law."  <u>Curley</u>, 153 F.3d at 12; <u>see also</u> <u>Aon Financial Products, Inc. v. Societe Generale</u>, 476 F.3d 90, 101 (2d Cir. 2007); 9A Charles Alan Wright et al., Federal Practice and Procedure § 2446 (3d ed. 2011) ("[A] court of appeals is free to consider not only the fruits of the trial court's independent research and the materials introduced by the parties . . ., but also any information that it has unearthed itself.").

applies"); <u>Republic of Ecuador v. ChevronTexaco Corp.</u>, 426 F. Supp. 2d 159, 163 (S.D.N.Y. 2006) ("Ecuador has not met its burden of showing that a conflict exists with respect to how the contract at issue would be interpreted under New York law and Ecuadorian law."); <u>In re Air Crash at Belle Harbor, New York on November 12, 2001</u>, 241 F.R.D. 202, 204 (S.D.N.Y. 2007); <u>In re Parmalat</u>, 383 F. Supp. 2d 587, 595 (S.D.N.Y. 2005) ("Where, as here, there is a failure of proof of foreign law, the court may presume that it is the same as local law."). Nonetheless, in light of the Circuit's remand order in this case and because Ms. Shah is a <u>pro</u> <u>se</u> litigant, I have has conducted my own research into Kuwaiti law on vicarious liability and specifically on the issue of whether employee theft falls within the scope of employment.

Unfortunately, I have found it impossible to establish with clarity whether Kuwaiti law holds employee theft to be within or outside the scope of employment. According to Article 240 of the Civil Code of Kuwait (Decree Law No. 67 of 1980), "[a] master (employer) shall vis-a-vis the victim be liable for the damage caused by his follower through an unlawful act, provided it was committed by the latter in the course, or by reason of carrying out his duties." Business Laws of Kuwait 3.4-61, Nicola H. Karam trans., Kluwer Law International 17th ed. 1995.

While this does not shed much light on the question of theft

by employees, it is noteworthy that Kuwaiti law apparently (at least for some time) followed the "Egyptian rule," which ostensibly accepts the French à l'occasion concept of liability based on torts which occur because the "employment has given the occasion." Gyula Eörsi, Private and Governmental Liability for the Torts of Employees and Organs, in Int'l Enc. Comp. L. XI Torts 4-80 (1983). This is a broader theory under which the employer is held liable either where the tort simply "occurred on the occasion of the employment" or, under a slightly narrower interpretation, where "the tort would not have arisen without the servant's employment." Id. at 4-81. However, it does not provide a definitive answer in all cases. Id. at 4-80 n.222. Additionally, Eörsi's support for the proposition concerning Kuwait's use of the à l'occasion theory relies on Kuwaiti "Act. no. 6 of 1961 s. 14," which was repealed by Decree Law No. 67 of 1980. (Id. at 4-80 n.225; Business Laws of Kuwait 3.4-2). While it may be argued that Kuwaiti law could view employee theft as occurring within the scope of employment on the basis of the à l'occasion theory -- because KAC's employees who allegedly pilfered Ms. Shah's bag would likely have not had the opportunity to do so but for their employment with KAC -- it is uncertain whether that concept still applies under the more recently enacted Civil Code.

Thus, it is ultimately unclear whether employee theft is

within the scope of employment for the purposes of the Montreal Convention under Kuwaiti law.  Moreover, "KAC's search for Kuwait law as to an employer's vicarious liability for employee theft has been fruitless."  (KAC's Memorandum of Law dated Aug. 25, 2011 ("Def. 8/25/11 Memo."), at 5 n.3).  This is curious since KAC is itself a corporation owned by the state of Kuwait.  (Notice of Removal dated Aug. 20, 2008, at 1-2).  Nevertheless, because my independent inquiry has not identified a conflict of law and because Ms. Shah has failed to carry her burden of identifying one, the Court must apply the law of the forum state, in this case New York.

Accordingly, the outcome previously reached by the district court remains valid.  Since New York law holds that employee theft is outside the scope of employment, the exception to the Montreal Convention's liability limitation does not apply to the alleged theft of Ms. Shah's baggage.  Additionally, after lengthy discovery, Ms. Shah has been unable to adduce any evidence of a policy of allowing employee theft on the part of KAC.  Thus, KAC's motion for summary judgment should again be granted, limiting its liability to 1,000 SDRs.

<u>Conclusion</u>

For the reasons set forth above, I recommend that KAC's motion for summary judgment (Docket no. 33) be granted.  Pursuant to 28

U.S.C § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation.  Such objection shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Loretta A. Preska, Room 2220, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          May 7, 2012

Copies mailed this date:

Chetna Harish Shah
68 West 238th Street, Apt. E3
Bronx, New York  10463
(718)  543-7865

Michael J. Holland, Esq.
John Maggio Esq.
Allison M. Surcouf, Esq.
Condon & Forsyth LLP
7 Times Square, 18th Floor
New York, New York  10036

13