MAILED TO ~~COUNSEL~~ Pro Se Plaintiff

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/26/12

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
CHETNA HARISH SHAH,               :
                                  :     08 Civ. 7371 (LAP) (JCF)
              Plaintiff,          :
                                  :     ORDER ADOPTING REPORT &
     v.                           :     RECOMMENDATION
                                  :
KUWAIT AIRWAYS CORPORATION,       :
                                  :
              Defendant.          :
--------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

    Plaintiff brought this action pro se against Kuwait Airways Corporation ("KAC"), seeking damages of $25,000 for alleged theft of her baggage by KAC's employees while she was a passenger on a KAC flight from Kuwait to New York. On September 9, 2009, Judge Gerard E. Lynch of this Court issued an Opinion and Order granting partial summary judgment to Defendant, finding that its liability was limited to $1,575.00 by the Convention for the Unification of Certain Rules for International Carriage by Air (the "Montreal Convention") [dkt. no. 14]. After Defendant indicated it would not contest liability as to that amount, Judge Lynch entered a final judgment of $1,575.00 in favor of Plaintiff [dkt. no. 15].

    Plaintiff then filed an appeal and on December 29, 2010, the Court of Appeals vacated the judgment and remanded the case to the district court for an analysis in

1

the first instance of whether applicable principles of New York and Kuwaiti law conflict, and, if so, which jurisdiction's law applies to the question of whether the alleged theft in this case fell within the scope of the relevant KAC employees' employment for the purposes of the Montreal Convention [dkt. no. 23]. Defendant again filed a motion for partial summary judgment [dkt. no. 33], and that motion was referred to Magistrate Judge Francis for a Report and Recommendation. Judge Francis filed his Report and Recommendation on May 7, 2012, finding that Plaintiff had failed to establish a foreign law conflict, that New York law applied to the scope of employment question on remand from the Court of Appeals, and that partial summary judgment should therefore be granted in favor of Defendant [see dkt. no. 45].

After reviewing the Report and Recommendation as well as Plaintiff's Objections [dkt. no. 46] and Defendant's Response [dkt. no. 47], and finding Judge Francis's analysis to be correct and appropriate upon de novo review, see Fed. R. Civ. P. 72(b), the Report and Recommendation is hereby adopted. The Court notes that the burden of identifying a conflict of law is on the party asserting the application of foreign law. See, e.g., In re Vivendi Universal, S.A. Sec. Litig., 618 F. Supp. 2d 335, 340

2

(S.D.N.Y. 2009) (noting that a court "is under no obligation" to look beyond the submissions of the parties "if the party whose burden it is fails to produce sufficient evidence that foreign law applies"). In light of Plaintiff's pro se status and the spirit of the Court of Appeals' mandate, however, the Court is most appreciative of Judge Francis's sua sponte attempt to identify and resolve any true conflict of law that may have existed in this case. Having found none, however, and because Plaintiff failed to carry her burden in identifying one, the Court agrees that it must apply the law of the forum state, New York. See, e.g., Licci ex rel. Licci v. Lebanese Canadian Bank, 672 F.3d 155, 157 (2d Cir. 2012). Accordingly, the outcome previously reached by the district court remains valid.

## CONCLUSION

Defendant's pending motion for partial summary judgment [dkt. no. 33] is therefore GRANTED to the extent damages in excess of $1,575.00 are demanded. As Judge Lynch previously noted in his September 15, 2009 Order [dkt. no. 15] and Defendant reaffirms in its Response to Judge Francis's Report and Recommendation [dkt. no. 47], Defendant does not contest liability as to that amount.

3

Accordingly, the Clerk of the Court is hereby ordered to enter a final judgment for Plaintiff in the amount of $1,575.00. The Clerk of the Court shall also mark this action closed and all pending motions denied as moot.

SO ORDERED.

Dated: July 25, 2012

_____
LORETTA A. PRESKA
Chief U.S. District Judge

4